[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12314
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00014-CV-SSC-2

CHATREE DANNY SRIDEJ,

                                                    Plaintiff-Appellant,

versus

FREDERICK W. BROWN,
CITY OF AUBURN,
POLICE DEPARTMENT OF THE CITY OF AUBURN,
LINDA BLECHINGER,
in her official capacity as Mayor of the
City of Auburn,
JOHN DOES 1-3,
certain unknown individuals,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 11, 2010)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Chatree Danny Sridej, an Asian man of Thai descent, appeals, through counsel, a magistrate judge's grant of summary judgment in favor of defendants.[1] On appeal, Sridej contends the magistrate judge erred in granting summary judgment on his: (1) claim of race and national origin discrimination in connection with his termination, (2) claim of discriminatory failure-to-promote, (3) claim of retaliation, and (4) Georgia law claim of tortious interference with a business relationship. We review each claim in turn and affirm.[2]

## I. Discriminatory Termination

On appeal, Sridej argues the magistrate erred in granting summary judgment on his claim of discriminatory termination because he established a *prima facie*

---

[1] Sridej's complaint originally included (1) as named defendants, the Police Department of the City of Auburn, and Linda Blechinger, Mayor of Auburn; (2) a failure-to-promote claim in 2006; and (3) a Family Medical Leave Act claim. The magistrate granted the defendants' motion for summary judgment as to the aforementioned defendants and on Sridej's 2006 failure-to-promote claim, but Sridej has not challenged these rulings on appeal. Thus, any claims in that regard are abandoned. *See AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1320 n.14 (11th Cir. 2004). Moreover, Sridej voluntarily dismissed his Family Medical Leave Act claim.

[2] We review a grant of summary judgment *de novo*. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law. *Id.* "There is no genuine issue of material fact if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Jones v. Gerwens*, 874 F.2d 1534, 1538 (11th Cir. 1989). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 742 (11th Cir. 1996) (quotations omitted).

case of race and national origin discrimination in general and in connection with his termination.[3]

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff can establish a *prima facie* case of discrimination based on circumstantial evidence by showing: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was . . . treated less favorably than a similarly-situated individual outside his protected class." *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003).

The only element of the *prima facie* case disputed by the parties is the similarly situated prong. To meet this prong, a plaintiff must show the "employees are similarly situated in all relevant respects." *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003). It is also "necessary to

---

[3] As an initial matter, to the extent Sridej alleges general discrimination based on various comments, he failed to establish these were adverse employment actions in and of themselves. *See Davis v. Town of Lake Park,* 245 F.3d 1232, 1239 (11th Cir. 2001) (holding to prove an adverse employment action under Title VII, an employee must show a "*serious and material change in the terms, conditions, or privileges of employment*") (emphasis in original).

consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Id.*

Although the record shows Sridej was Asian, qualified for his position, and discharged from his position, there is no evidence similarly situated employees were treated more favorably. Sridej initially stated he knew of several other officers in the police department who were found unfit for duty and were permitted to see a psychiatrist or have light duty until their problem was resolved. However, Sridej later clarified he did not know if any such officers had been evaluated to be unfit for duty. Sridej has failed to allege a *prima facie* case of discrimination because he presented no evidence similarly situated employees were treated more favorably. Accordingly, the magistrate did not err in granting the defendants' motion for summary judgment as to the discriminatory-discharge claim.[4]

## II. Failure to Promote

Sridej next argues the magistrate erred in granting summary judgment on his claim of discriminatory failure to promote because he established a *prima facie* case of discriminatory failure to promote, and Corporal Nadeau, who was outside

---

[4] The magistrate assumed Sridej established a *prima facie* case of discrimination in connection with his termination, but this Court can affirm on any ground supported by the record. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001). Even assuming Sridej proved a *prima facie* case of discrimination, however, he did not present any evidence showing the nondiscriminatory reasons for discharging Sridej—that he was found unfit for duty and engaged in inappropriate behavior on three occasions—were pretextual.

the protected class, was promoted instead. Sridej also contends Chief Frederick W. Brown's proffered reasons for denying him the promotion were pretextual.

A plaintiff can establish a *prima facie* case of failure-to-promote by showing (1) he is a member of a protected class; (2) he was qualified for and applied for the promotion; (3) he was rejected despite his qualifications; and (4) other employees, who were equally or less qualified but were not members of the protected class, were promoted. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004).

In the failure-to-promote context, evidence of a disparity in qualifications between the plaintiff and the candidate selected may establish pretext. *Ash v. Tyson Foods, Inc.*, 126 S. Ct. 1195, 1197 (2006). "A plaintiff must show that the disparities between the successful applicant's and [his] own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006).

Sridej has not presented any evidence showing Brown's articulated reasons for promoting Nadeau over Sridej were pretextual. Brown's stated reasons for promoting Nadeau over Sridej were that Sridej had less overall law enforcement experience and Sridej had exhibited some questionable behavior on the job in

5

recent months. Such reasons are not implausible or inconsistent and might motivate a reasonable employer. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*). Accordingly, the magistrate did not err in granting the defendant's motion for summary judgment as to the failure-to-promote claim.

### III. Retaliation

Sridej also argues the magistrate erred in granting summary judgment on his retaliation claim because he met his burden of proving a *prima facie* case of retaliation. In support, he explains the acts of retaliation—receiving frivolous write ups, denial of his promotion to sergeant, and termination—happened in close proximity to his participation in an external investigation of the department and to his filing of the EEOC complaint.

Title VII prohibits an employer from retaliating against an employee because the employee has opposed any unlawful discrimination or because the employee "has made a charge, testified, assisted, or participated in any manner in an investigation" of discrimination with the EEOC. 42 U.S.C. § 2000e-3(a). A plaintiff can establish a *prima facie* case of retaliation under Title VII by showing "(1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

6

In examining the first element of a retaliation claim, Title VII protects an employee who testifies about unlawful conduct in an internal investigation. *See Crawford v. Metropolitan Government of Nashville*, 555 U.S. ___, 129 S. Ct. 846, 849 (2009). The employee's statements, however, must be about race or gender discrimination to fall within the scope of protected expression under Title VII. *See id.* With respect to the third element, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Pennington*, 261 F.3d at 1266. However, to satisfy the causal link prong, "a plaintiff must, at a minimum, generally establish that the defendant was actually aware of the protected expression at the time the defendant took the adverse employment action." *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997).

The magistrate did not err in granting summary judgment to the defendants on Sridej's retaliation claim because he did not show his employer was aware of any protected expression at the time of any adverse employment action. First, Sridej's participation in the external investigation did not involve any allegations the police department was violating Title VII. Second, Sridej did not establish Brown knew of the EEOC complaint at the time Sridej was terminated, and knowledge is necessary to establish the causal link prong. *Raney*, 120 F.3d at

7

1197.  Accordingly, the magistrate did not err in granting the defendant's motion for summary judgment as to Sridej's retaliation claim.

#### IV.  Tortious Interference with a Business Relationship

Finally, Sridej argues the magistrate erred in granting summary judgment on his state law claim, as he established Brown intentionally interfered with his business relationship by having him fired from his part-time job.

To prove tortious interference with a business relationship under Georgia law, a plaintiff must show a defendant: "(1) acted improperly and without privilege, (2) acted purposely, with malice, and with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) caused the plaintiff to suffer some financial injury." *Willis v. United Family Life Ins.*, 487 S.E.2d 376, 381 (Ga. Ct. App. 1997).

The magistrate did not err in granting summary judgment to the defendants on Sridej's Georgia law claim of tortious interference with a business relationship because Sridej identified no evidence that Brown acted improperly or with any intent to injure Sridej, or that he induced a third party not to continue a business relationship with him.

**AFFIRMED.**